Sturgis v. Reed.

———◆———

STURGIS v. REED, ADM'R.

If an administrator of an estate represented insolvent, assume the defence of an action pending against his intestate, and neglect to suggest the insolvency on record and pray a stay of execution, so that execution is issued, and returned *nulla bona*, it is waste, and he is liable to a judgment and execution *de bonis propriis*.

After an execution has been regularly issued and returned, it cannot be set aside.

THIS was a writ of *scire facias*, in which the plaintiff set forth a judgment recovered by him against the estate of the intestate, in the hands and under the administration of the defendant, at the Circuit Court of Common Pleas, *December* term, 1820, and

execution duly issued and returned *nulla bona*, and thereupon suggested waste by the defendant, and prayed judgment and execution *de bonis propriis.*

The defendant pleaded in bar, that since· the commencement of this action, to wit, at the Circuit Court of Common Pleas, *August* term, 1821, he preferred his petition, praying that the execution aforesaid might be set aside, *for reasons set forth in his said petition,* which being continued·to the *December* term following, the Court rendered judgment that the said execution be set aside, as by the record, &c.

The plaintiff prayed oyer of the record, from which it appeared that the original writ was sued out against the defendant's intestate in his life time,—that after his decease, ' pending the action, his administrator was admitted to defend said suit,— that previous to his assuming the defence he represented the estate insolvent, and a commission was duly issued,—that the defendant, being desirous that the Court should ascertain the validity and amount of the plaintiff's claim, did not plead the insolvency in abatement, but pleaded the general issue, giving verbal notice of the insolvency to the Court and the plaintiff's counsel,—and that since the rendition of judgment in that case and the issuing of execution thereon, the defendant had returned two reports of the commissioners to the Judge of Probate which he had accepted, and had settled an administration-account, from all which it appeared that said estate was absolutely insolvent :—and that upon this representation the Court adjudged that the execution be set aside as having been improvidently issued,—from which judgment the plaintiff claimed an appeal to this Court, which the Court below refused to allow ;—all which being read and heard, the plaintiff thereupon demurs in law, and the defendant joins in demurrer.

*R. Williams,* in support of the demurrer.

If the administrator would avail himself of the insolvency of the estate, he should have taken the method prescribed by the statute of 1783, *ch.* 59. He might have had a continuance till the actual condition of the estate could be ascertained ;—or possibly he might, on proper motion, have prevented the issuing of any·execution. Neglecting this, the judgment was rendered

and execution regularly issued against the estate, which the administrator is bound at all events to discharge. *Clark v. May,* 11 *Mass.* 233.—Having obtained execution, if the plaintiff had received the money he would have had an unquestionable right to retain it;—and if so, he has a right of action against the administrator for not paying it. *Ramsdell v. Cresey,* 10 *Mass.* 170.

Nothing can be shown against the *scire facias* which might have been pleaded to the original action. Now the administrator might have pleaded the insolvency there, and of course it cannot avail him here.

There are but two cases where the creditor can have judgment but no execution;—1. where the commissioners on an insolvent estate reject a claim preferred before them, and a suit is brought at law to ascertain the debt;—2. where the creditor brings his action *directly* against the executor. *Stat.* 1784, *ch.* 2. But here the action being neither of these, and the fact of insolvency not judicially appearing to the Court, the execution rightly issued, and it was not in the power of the Court to set it aside. If they had such power, this was not a case for its exercise, for the precept was already *executed* and returned and this action brought, before any application was made for that purpose.

*Emmons,* for the defendant.

The defendant might have pleaded the insolvency in abatement of the original suit, admitting the plaintiff's demand; or he might have disputed the demand in a trial upon the merits. He deemed it his duty to do the latter;—and in this case it is well settled that no execution ought to have issued. *Hunt v. Whitney,* 4 *Mass.* 620.

Nor was it too late for the Court to set the execution aside. A regular judgment obtained by default has been set aside, to let in the administrator to plead, so as to prevent a judgment *de bonis propriis* by the negligence of his attorney. *Phillips v. Hawley,* 6 *Johns.* 129.

But if the execution had not been set aside, this action ought not to be sustained, until a summons had first issued to shew cause. *Hatch v. Eustis,* 1 *Gal.* 160.

The cause being continued to this term, the opinion of the Court was now delivered, by

MELLEN C. J.   By the 19th section of the Act of 1821, ch. 52, (being a transcript of the law now in force in *Massachusetts,*) upon the facts stated in the declaration, the plaintiff is entitled to maintain this action, his case being precisely within its provisions ; unless the order of the Circuit Court of Common Pleas passed at *December* term, 1821, *setting aside* the execution after it was returnable, and actually returned in the manner stated in the declaration, has operated to divest the plaintiff of his cause of action, which was good when he commenced the same in *March,* 1821.—This order of Court which is the only material fact stated in the plea in bar was passed *for reasons set forth in the defendant's petition to said Circuit Court of Common Pleas :* but the plea does not state *what those reasons were.* The plaintiff, before demurring, sets out the petition at large; so that the reasons and grounds for the Court's proceeding are now before us on the record.—The record discloses nothing which shows that the execution on which the return was made, had issued irregularly or improperly. It is true it appears that the estate of the intestate was represented insolvent before the defendant assumed the defence, and that it actually is insolvent ;—still as there was no averment in the defendant's plea in the former actions, that the estate' was under a representation of insolvency nor any motion made and entered on the docket after judgment was rendered, for a stay of execution on account of such insolvency, the clerk was authorized and it was his duty to issue execution in the manner before stated   It *was* issued, and by virtue of it, the officer to whom it was delivered, demanded payment of the administrator, and could not obtain it or find property of the deceased wherewith to satisfy it ; and made a regular return thereon to this effect and returned the precept to the clerk's office.—Thus the execution was *functus officio*—and the plaintiff's right of action, founded on this return, had accrued and become perfect.   It is not denied but that the Court, on the abovementioned petition, might legally have passed an order that *no further execution* should be issued on such judgement, and *thus far* protect the defendant from the

Sturgis *v.* Reed.

operation of the judgment.   But we do not perceive how the order could have a *retrospective effect* and deprive the plaintiff of his rights, without any fault on his part; and, as it seems, without a hearing.   There are many cases where an execution may be set aside; but those cases are where it has been *irregularly issued* or *executed.*   4 *Mass.* 483.   Suppose that in this case the execution had been in due form extended on the real estate of the intestate, and regularly recorded in the registry of deeds; and that, instead of this *scire facias*, the plaintiff had brought a writ of entry to obtain the possession :  would the present plea, stating that the Court had set aside the execution for the above reasons, long after the extent was completed, be any legal bar to such actions ?   The question admits of but one answer.   For the same reason we think the plea is bad when offered as a bar in *this* action   The decision of this cause may subject the defendant to some personal loss or liability; but it is owing to his own inattention.   When he assumed the defence of the original action, he should have disclosed the representation of insolvency to the Court, either by *plea*, or motion for a *continuance* or a motion on record  to *stay execution* on account of the insolvency.—Having done neither in due season, the plaintiff has a right to the advantage he has gained by his vigilance.—There must be judgment entered that the

*Plea in bar is insufficient.*